IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JERRY TENNELL | § | |
| v. | § | CIVIL ACTION NO. 6:11cv448 |
| JOHN RUPERT, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Jerry Tennell, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Tennell complained that in May of 2010, a policy was instituted at the Michael Unit in which inmates going to work at the meat packing plant were routinely strip searched, including a procedure called "squat and cough." He also complained that these strip searches were carried out in the presence of female officers.

The Magistrate Judge identified four specific issues in Tennell's complaint, including: (1) the squat and cough procedure, (2) the routine strip searches, (3) the fact that these searches were carried out in the presence of female guards, and (4) the fact that inmates working at the packing plant were singled out for these searches, including squat and cough. After review of the pleadings, the Magistrate Judge issued a Report on March 5, 2012, recommending that the lawsuit be dismissed. First, the Magistrate Judge stated that the carrying out of strip searches in the presence of female officers did not violate the Constitution so long as the female officers do not personally

1

conduct the strip search and their presence in the vicinity is required to protect a legitimate governmental interest such as providing security. Oliver v. Scott, 276 F.3d 736, 746 (5th Cir. 2002).

Second, the Magistrate Judge noted that Tennell did not allege that the "squat and cough" procedure was any more intrusive than the strip search itself; rather, it simply facilitates the visual inspection of the rectum by making more likely that a foreign object inserted in the rectum would protrude.

Third, the Magistrate Judge stated that at an evidentiary hearing in another case on the identical issue, Warden Dewberry testified that inmates at the plant were issued knives as part of their job duties and that contraband including cell phones had been found at the plant; thus, the Magistrate Judge concluded that there were security issues surrounding the packing plant in particular, and so there was no constitutional violation in implementing the squat and cough procedure. In any event, the Magistrate Judge said, the squat and cough procedure had been discontinued by the time of the evidentiary hearing in the prior case.

Next, the Magistrate Judge stated that the fact that random strip searches were conducted at the prison, not only for inmates going to and from work but in other movements around the facility, did not violate the Constitution as stated in Bell v. Wolfish, 441 U.S. 520, 559 (1979).

Finally, the Magistrate Judge noted that Tennell was suing Brad Livingston, the Executive Director of TDCJ, Rick Thaler, the Director of the Correctional Institutions Division of TDCJ, and Ginger Lively, a regional grievance coordinator, for "failure to supervise and properly train." However, the Magistrate Judge stated that Tennell met none of the requirements for a failure-to-train claim regarding these defendants, and that Tennell's claims for injunctive relief were rendered moot by his release from TDCJ. Thus, the Magistrate Judge recommended that the lawsuit be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

After receiving an extension, Tennell filed objections to the Magistrate Judge's Report on May 7, 2012. In his objections, Tennell states first that he retained a limited constitutional right to bodily privacy, particularly as to strip searches conducted by members of the opposite sex, citing

2

cases from the Seventh, Tenth, and Eleventh Circuits. The Magistrate Judge correctly cited Fifth Circuit authority, which is binding on the U.S. District Court for the Eastern District of Texas. While it is true that Tennell retains a limited constitutional right to bodily privacy, he failed to show that this right was infringed. His objection on this point is without merit.

Tennell complains that the Magistrate Judge erred in reviewing the TDCJ Administrative Directive governing strip searches, saying that the policy did not provide for the "squat and cough" procedure but had been "altered" to include it. The Magistrate Judge noted that the policy itself did not mention "squat and cough," but that Warden Dewberry had testified that the procedure was implemented by a unit post order and thus was in compliance with the Administrative Directive. Tennell fails to show that this conclusion was incorrect; in addition, a violation of the TDCJ Administrative Directive, even if proven, does not itself show a violation of the Constitution or laws of the United States. Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986) (violation of prison rules alone is not sufficient to rise to the standards of a constitutional claim). This contention is without merit.

Tennell next says that the strip searches were unreasonable and done for the purposes of retaliation. The issue of retaliation is raised for the first time in Tennell's objections and thus is not properly before the district court. Finley v. Johnson, 243 F.3d 215, 218 n.3 (5th Cir. 2001) (issues raised for the first time in objections to the Report of the Magistrate Judge are not properly before the district court). Even were the issue of objection properly raised, it clearly has not merit; Tennell does not explain what these searches were allegedly done in retaliation for. The Fifth Circuit has held that the elements of a claim under a theory of retaliation are the invocation of a specific constitutional right, the defendant's intent to retaliate against the plaintiff for his exercise of that right, a retaliatory adverse act, and causation, which is a showing that but for the retaliatory motive, the action complained of would not have occurred. Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997). Tennell has met none of these elements with regard to a retaliation claim. His objection on this point is without merit.

Tennell goes on to state that Warden Dewberry's testimony that at least one cell phone was discovered at the packing plant is untrue, and that there was no evidence of any such discovery. He does not show how he knows that no cell phone was ever discovered at the packing plant. He also complains that when he and other inmates complained, they were told to comply or face disciplinary action. Tennell fails to a show a constitutional violation in the fact that he was told to comply with orders or receive a disciplinary case. His objection on this point is without merit.

Tennell says that although Warden Dewberry testified that the "squat and cough" procedure had been discontinued as of the time of the hearing, on October 21, 2011, in fact the procedure has not been suspended but is still being utilized. Even if this is correct, Tennell did not show that the procedure amounted to a constitutional violation. In addition, Tennell is no longer incarcerated, and so the procedure is not being used on him in any event. He also complains that TDCJ policies permit strip searches of male inmates in the presence of female officers, but prohibit strip searches of female inmates in the presence of male officers. The Fifth Circuit has rejected any claim that the TDCJ strip search policies violate equal protection. Oliver, 276 F.3d at 740, 746. This claim is without merit.

Finally, Tennell argues that the searches were unreasonable because he never came in contact with "any non-security members or visitors once he is stripped and placed on the bus." He claims that there was never any "reasonable suspicion" to justify the strip search practice. As the Magistrate Judge said, random strip searches of inmates are done to reduce the flow of contraband within the institution. The Supreme Court has recently upheld strip searches of pretrial detainees even absent reasonable suspicion of a concealed weapon or other contraband. Florence v. Board of Chosen Freeholders of the City of Burlington, 132 S.Ct. 1510, 1517 (2012). As a convicted felon within the Texas Department of Criminal Justice, Correctional Institutions Division, Tennell's rights were even more circumscribed than those of pretrial detainees. In Florence, the Supreme Court explained that "deference must be given to the officials in charge of the jail unless there is 'substantial evidence' demonstrating their response to the situation is exaggerated." Florence, 132 S.Ct. at 1518. Tennell

4

has failed to show that the TDCJ officials' response was exaggerated. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 11) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is dismissed with prejudice as frivolous and for failure to state a claim upon which relief may be granted. 28 U.S.C. §1915A. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**It is SO ORDERED.**

**SIGNED this 24th day of May, 2012.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE